IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                   No. CR 11-1754 JB

RAMON SAENZ-NUNEZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Fast Track Sentencing Memorandum, filed August 23, 2011 (Doc. 18)("Sentencing Memorandum").  The Court held a sentencing hearing on August 26, 2011.  The primary issue is whether the Court should grant a 4-level downward departure on Defendant Ramon Saenz-Nunez' offense level under application note 7 to U.S.S.G. § 2L1.2 and U.S.S.G. § 5K2.0.  Because Saenz-Nunez' offense level substantially overstates the seriousness of his prior drug trafficking conviction given the age of the conviction, the Court will grant a 4-level downward departure.

## PROCEDURAL BACKGROUND

Saenz-Nunez, pursuant to a Fast Track Plea Agreement, filed July 1, 2011 (Doc. 15), pled guilty to the Information, filed July 1, 2011 (Doc. 12), charging him with a violation of 8 U.S.C. § 1326(a) and (b), that being re-entry of a removed alien.  The parties agreed to a 2-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, to the extent applicable, a 1-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(b).  See Plea Agreement ¶ 11, at 4-5.  The parties reserved the right to "make legal arguments regarding the application of § 2L1.2 or § 4A1.1 of the sentencing guidelines."  Plea Agreement ¶ 7, at 3.  Saenz-

Nunez agreed "not to seek any further reduction, departure, deviation, or variance in the Final Adjusted Offense Level or the Criminal History Category." Plea Agreement ¶ 8, at 4.

On July 21, 2011, the United States Probation Office ("USPO") disclosed the Presentence Investigation Report ("PSR"). The PSR calculated Saenz-Nunez' base offense level as 8 pursuant to U.S.S.G. § 2L1.2(a). See PSR ¶ 12, at 4. The PSR applied a 12-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(B), because Saenz-Nunez "was previously deported . . . after a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." PSR ¶ 13, at 4. The PSR calculated Saenz-Nunez' adjusted offense level as 20, and his total offense level as 17 after a 3-level reduction for acceptance of responsibility. See PSR ¶¶ 17-19, at 5. Based on the Plea Agreement, the PSR further reduced the total offense level to 14. See PSR ¶ 20, at 5. The PSR calculated Saenz-Nunez' criminal history category as I based on 0 criminal history points. The PSR calculated that an offense level of 14 and a criminal history category of I establishes a guideline sentencing range of 15 to 21 months. See PSR ¶ 43, at 11. Based on application note 7 to U.S.S.G. § 2L1.2, the PSR noted that a downward departure might be warranted in this case, because of the age of Saenz-Nunez' prior felony conviction for drug trafficking. See PSR ¶¶ 46-47, at 12. He received this prior conviction on January 18, 1994. See PSR ¶ 46, at 12. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.

On August 23, 2011, Saenz-Nunez filed his Sentencing Memorandum. Saenz-Nunez reiterates that the Plea Agreement bars him from seeking a downward departure or variance, and consequently does not seek one. See Sentencing Memorandum at 1. He recounts that he "grew up very poor and was forced to quit school and began working to help his family at an early age." Sentencing Memorandum at 1. He notes that he has one child who is a United States citizen, but that he plans to reside in Mexico following his sentence and subsequent deportation. See Sentencing

Memorandum at 1.  Saenz-Nunez points out that the PSR states that a departure may be warranted based on the age of his prior conviction.  See Sentencing Memorandum at 2.  Saenz-Nunez notes "that there are proposed Guideline revisions pending before Congress that presumably will favorably address" this issue of a downward departure.  Sentencing Memorandum at 2.

On August 10, 2011, Plaintiff United States of America filed its Response to the Sentencing Memorandum.  See United States' Response to Defendant's Sentencing Memorandum (Doc. 19)("Response").  The United States asserts that it does not view Saenz-Nunez' request that the Court take note of the provision in the PSR suggesting that a downward departure may be appropriate as a breach of the Plea Agreement.  See Response at 2.  The United States contends that the Court must sentence Saenz-Nunez under current law and not under these proposed amendments to the guidelines.  See Response at 2-3.  The United States argues that, should the Court grant a downward departure, it requests a downward departure of 2-levels to an offense level of 12.  See Response at 3.  It notes that an offense level of 12 combined with a criminal history category of I would result in a guideline imprisonment range of 10 to 16 months.  Response at 3.

At the sentencing hearing on August 26, 2011, the Court inquired what Saenz-Nunez' offense level would be under the proposed guideline amendments.  See Transcript of Hearing at 3:4-7 (taken August 26, 2011)(Court)("Tr.").[1]  Saenz-Nunez noted that he would have received an 8-level enhancement under the proposed guideline amendments based on the age of his conviction, while he received a 12-level enhancement under the current guidelines.  See Tr. at 3:8-16 (Sapien).  The Court inquired whether, given an offense level of 13 and a criminal history category of I, the guideline imprisonment range would be 12 to 18 months.  See Tr. at 3:21-24 (Court).  Saenz-Nunez

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

agreed that this calculation was accurate.  See Tr. at 4:9-11 (Sapien).  The Court noted that, absent the 3-level reduction provided for under the fast-track Plea Agreement, a 4-level reduction under the proposed guidelines would reduce Saenz-Nunez' offense level only 1 level.  See Tr. at 5:11-16 (Court).  The Court noted that, to avoid sentencing disparities, a departure would be warranted that would make the sentence consistent with the newly proposed amendments to U.S.S.G. § 2L1.2. See Tr. at 6:16-7:4.  The Court proposed rejecting the plea agreement and departing downwards 4-levels.  See Tr. at 7:5-16 (Court).  Saenz-Nunez requested a sentence of 12 months and 1 day, because that additional day would make him eligible for certain good-time credit[2] in prison that he would not receive with a lower sentence.  See Tr. at 8:2-16 (Sapien).  The United States stated that it did not oppose a sentence of 12 months.  See Tr. at 8:17-18 (Court, Barth).  The Court then rejected the Plea Agreement.  See Tr. at 8:19-21 (Court).  The Court granted a 4-level downward departure pursuant to U.S.S.G. § 5K2.0 and application note 7 to U.S.S.G. § 2L1.2.  See Tr. at 9:20-10:19 (Court).  The United States also moved for the third level of acceptance of responsibility.  See Tr. at 11:9-19 (Court, Barth, Sapien).

## LAW REGARDING U.S.S.G. § 2L1.2

When a person unlawfully enters or remains in the United States, U.S.S.G. § 2L1.2(a) provides for a base offense level of 8.  See U.S.S.G. § 2L1.2(a).  U.S.S.G. § 2L1.2(b)(1)(B) provides: "If the defendant previously was deported, or unlawfully remained in the United States, after . . .  -- a conviction for a felony drug trafficking offense for which the sentence imposed was

---

[2]"Federal sentencing law permits federal prison authorities to award prisoners credit against prison time as a reward for good behavior."  See Barber v. Thomas, 130 S.Ct. 2499, 2502 (2010)(citing 18 U.S.C. § 3624(b)).

13 months or less, increase by 12 levels."[3] U.S.S.G. § 2L1.2(b)(1)(B).  U.S.S.G. § 2L1.2 application note 7 provides: "There may be cases in which the applicable offense level substantially overstates or understates the seriousness of a prior conviction.  In such a case, a departure may be warranted." U.S.S.G. § 2L1.2 cmt. n.7.  The Tenth Circuit has also explained that the age of a conviction which results in an enhancement under U.S.S.G. § 2L1.2(b) may justify a variance.  See United States v. Chavez-Suarez, 597 F.3d 1137, 1138 (10th Cir. 2010).  Specifically, the Tenth Circuit noted:

> We agree with the Ninth Circuit that the staleness of an underlying conviction may, in certain instances, warrant a below-Guidelines sentence.  "The fact that Section 2L1.2(b) addresses the seriousness of the offense -- as opposed to the risk of recidivism -- explains the absence of time limitations on qualifying predicate convictions.  It does not, however, [always] justify increasing a defendant's sentence by the same magnitude irrespective of the age of the prior conviction at the time of reentry."  While, as the government points out, we have previously upheld guidelines-range sentences where the underlying conviction occurred years in the past, we are persuaded that the staleness of a conviction may under certain circumstances warrant a variance below the guidelines.

United States v. Chavez-Suarez, 597 F.3d at 1138 (alteration in original)(citations omitted).

## ANALYSIS

Because Saenz-Nunez' offense level substantially overstates the seriousness of his prior conviction, the Court will grant a 4-level downward departure on his offense level under U.S.S.G. § 2L1.2 application note 7 and U.S.S.G. § 5K2.0.  Application note 7 to U.S.S.G. § 2L1.2 provides: "There may be cases in which the applicable offense level substantially overstates or understates the

---

[3]The proposed amendments to this guideline that became effective after November 1, 2011 state:
> If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels if the conviction receives criminal history points under Chapter Four or by 8 levels if the conviction does not receive criminal history points.

U.S.S.G. § 2L1.2(b)(1)(B).

seriousness of a prior conviction.  In such a case, a departure may be warranted." U.S.S.G. § 2L1.2 cmt. n.7.  The distinguishing factor regarding Saenz-Nunez' prior drug trafficking conviction that resulted in the 12-level enhancement is that the conviction is over fifteen years old.  For his prior conviction for drug trafficking, he received a sentence of sixty-days imprisonment and ten years probation.  He received that conviction on January 18, 1994.  The USPO recognized that a departure would likely be warranted based on the age of this prior conviction.  See PSR ¶¶ 46-47, at 12.  The conviction is so old that the PSR did not assign it any criminal history points.  See PSR ¶¶ 22-24, at 5-6.

   The Court also notes that, while the version of U.S.S.G. § 2L1.2(b)(1)(B) in effect at the time of Saenz-Nunez sentencing on August 26, 2011 did not take into account the age of the predicate offense that resulted in the enhancement, the currently effective version of this guideline takes into account the age of the predicate offense.  Under the new version of U.S.S.G. § 2L1.2(b)(1)(B), Saenz-Nunez' offense would have resulted in an 8-level enhancement rather than a 12-level enhancement, as the USPO did not assign that offense any criminal history points.  Similar to the particular factual circumstances of the predicate offense warranting a downward departure because they overstate the seriousness of the prior offense, the United States Sentencing Commission recognized when it made these amendments that the age of the predicate offense can justify a less significant enhancement.  The Court concludes that declining to grant a downward departure would result in unwarranted sentencing disparities among similarly situated defendants, as Saenz-Nunez received his sentence on August 26, 2011, just over two months before the proposed amendments became effective on November 1, 2011.  Given that Saenz-Nunez' offense level overstates the seriousness of his prior conviction, a 4-level downward departure under U.S.S.G. § 2L1.2 application note 7 and U.S.S.G. § 5K2.0 is warranted.  See U.S.S.G. § 2L1.2 cmt. n.7.

Additionally, Saenz-Nunez' personal circumstances support this 4-level downward departure. Since the time of his drug trafficking conviction and deportation, Saenz-Nunez has been a law abiding citizen. He has no violent convictions in his past. He has recognized that he must return to Mexico and work there to support his family rather than return to the United States. Given Saenz-Nunez' age, fifty-three, the Court also notes that there is likely a lower risk of recidivism compared to younger defendants. Applying a 4-level departure results in a lower offense level than Saenz-Nunez would have received under the Plea Agreement, an offense level of 13 after a departure as opposed to an offense level of 14 under the Plea Agreement. A criminal offense level of 13 and a criminal history category of I results in a guideline imprisonment range of 12 to 18 months. The Court sentences Saenz-Nunez to 12-months-and-1-day imprisonment.[4]

**IT IS ORDERED** that the request in the Defendant's Fast Track Sentencing Memorandum, filed August 23, 2011 (Doc. 18) that the Court consider the United States Probation Office's recommendation for a downward departure is granted. The Court rejects the Fast Track Plea Agreement, filed July 1, 2011 (Doc. 15). The Court will grant a 4-level downward departure. The Court sentences Defendant Ramon Saenz-Nunez to 12-months-and-1-day imprisonment.

                                                    _____
                                                  UNITED STATES DISTRICT JUDGE

---

[4] Saenz-Nunez requested this additional day of imprisonment, because it would allow him to receive additional good-time credit in prison.

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Raul Torrez
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Phillip G. Sapien
Sapien Law, LLC
Albuquerque, New Mexico

    *Attorney for the Defendant*